IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JOHN KELLY IHEJUROBI,** | * | |
| Appellant, | * | |
| v. | * | Civil Case No.: SAG-19-1391 |
| **WELLS FARGO BANK, N.A.,** | * | (Appeal from Bankruptcy Case No. 18-13380-RAG) |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Appellant John Kelly Ihejurobi, a debtor in the underlying bankruptcy case ("Debtor"), appeals an Order entered by United States Bankruptcy Judge Robert A. Gordon on May 6, 2019 ("the Order"), overruling Debtor's objection to a claim filed by secured creditor Wells Fargo Bank, N.A. ("Wells Fargo"). ECF 7. The facts and legal arguments are adequately presented in the briefs and record, rendering oral argument unnecessary. *See* Fed. R. Bankr. P. 8019(b)(3); Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, the Bankruptcy Court's Order will be affirmed.

### I.     FACTUAL BACKGROUND

Following several prior bankruptcy petitions, on March 14, 2018, Debtor filed a voluntary petition, under Chapter 13 of the bankruptcy code, in the United States Bankruptcy Court for the District of Maryland. ECF 2-1. He filed his Chapter 13 Plan ("the Plan") on April 6, 2018. ECF 2-26. Specifically, in the section of Schedule D calling for a list of creditors who have claims secured by property, the Debtor identified an "unknown" creditor with a claim secured by 11405 Hunt Crossing Court, Ellicott City, Maryland, 21042 ("Hunt Crossing"). ECF 2-19. The Debtor asserted that the amount of the "unknown" creditor's claim, and the value of Hunt Crossing, were

both $1.7 million. *Id.* He noted that the claim was incurred in March, 2008, and that it was related to an agreement "such as a mortgage," but further noted that the claim was "disputed." *Id.*

On April 24, 2018, Wells Fargo filed an objection to the Plan, because it did not provide adequate protection to Wells Fargo as a secured creditor. ECF 2-38. On May 1, 2018, the Debtor filed an Amended Schedule D, still listing the claim as "disputed" and the creditor as "unknown," but reducing the declared value of Hunt Crossing to only $900,000.00. ECF 2-39. Nine days later, Wells Fargo filed a Proof of Claim ("POC"), asserting a total indebtedness of $1,765,680.27 for the mortgage on Hunt Crossing, and a total pre-petition arrearage of $739,698.87. ECF 2-140 at 3.

On July 24, 2018, the Debtor filed an objection to Wells Fargo's POC. ECF 2-63. The Court filed a deficiency notice, ECF 2-64, and eventually struck the objection following Debtor's failure to correct the deficiency, ECF 2-70. The Bankruptcy Court held hearings relating to the POC on November 14, 2018, ECF 2-112, and December 14, 2018, ECF 2-120. Following those hearings, the Bankruptcy Court issued an Opinion ("the Opinion") and Order on May 6, 2019. ECF 2-140; 2-141.

On May 9, 2019, Debtor noted the instant appeal from the Order. ECF 1. Debtor filed his opening brief on July 8, 2019, ECF 7; Wells Fargo filed a responsive brief on August 2, ECF 9; and the Debtor filed a reply on August 23, ECF 10.

## II. STANDARD OF REVIEW

The district court reviews a bankruptcy court's findings of fact for clear error, and its conclusions of law *de novo*. *See In re Official Comm. of Unsecured Creditors for Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). "The Supreme Court of the United States has held that '[a] finding is "clearly erroneous" when although there is evidence to support it, the

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *In re Fitzwater*, No. 2:11–cv–00934, 2012 WL 4339559, at *2 (S.D. W. Va. Sept. 21, 2012) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *In re Broyles*, 55 F.3d 980, 983 (4th Cir. 1995). On questions of law, this Court makes "an independent determination of the applicable law." *In re Fabian*, 475 B.R. 463, 467 (D. Md. 2012) (quoting *In re Jeffrey Bigelow Design Grp., Inc.*, 127 B.R. 580, 582 (D. Md. 1991)). With respect to the bankruptcy court's application of law to the facts, the standard of review is abuse of discretion. *Id.* (citing *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992)).

### III.   ANALYSIS

According to Debtor, who is represented by the same counsel who represented him in the Bankruptcy Court, the sole issue presented on appeal is, "Did the bankruptcy court err in 'allowing a claim' which was earlier discharged in a Chapter 7 case?" ECF 7 at 4. Debtor argues, without citing any case law to support the proposition, that his discharge following his Chapter 7 filing in September, 2015, in which Wells Fargo was listed as a creditor, barred the POC Wells Fargo filed in his 2018 Chapter 13 petition. *Id.* at 5-6. He concludes: "The appellee is not entitled to any payment in the current Chapter 13 plan. Appellee [sic] claim is barred pursuant [sic] 11 U.S.C. § 524 and § 727. Bankruptcy Court made an err [sic] by allowing a discharged claim." *Id.* at 6.[1]

Counsel for Debtor raised the same contention repeatedly before the Bankruptcy Court. At the first hearing, on November 14, 2018, when Counsel argued that the debt had been discharged, the Court responded: "[Wells Fargo] has a lien against the real estate. The lien doesn't get

---

[1] The Debtor's reply brief is also devoid of any citations to case law supporting its asserted position. ECF 10.

discharged. . . . Don't make ridiculous arguments." ECF 2-112 at 9:5–9. At the second hearing, on December 14, 2018, the Bankruptcy Court expressly rejected the argument as frivolous, stating:

> You said the debt has been discharged in his prior bankruptcy. Which is the same thing that you said before and that objection was stricken because you didn't follow through on what the deficiency notice told you to do. . . . Say because it is discharged. Stop saying that. . . . This discharge argument is completely frivolous. . . . The lien is still attached to the property and [Wells Fargo has] the right to enforce it. And the case law on that is absolutely legion, it is beneath Bankruptcy 101.

ECF 2-120 at 5:6–6:4. The Bankruptcy Court's May 6, 2019 Opinion and Order allowed Wells Fargo's POC and granted Wells Fargo relief from the stay. ECF 2-140; 2-141. The Opinion noted that the Claim Objection the Debtor filed after the November hearing included the same "frivolous assertion that because the indebtedness included in the POC had been discharged, the POC was filed in contempt and was 'unenforceable.'" ECF 2-140 at 7. The Opinion described the contention as "wholly and completely without merit," cited the governing Supreme Court decision, and noted that it "has been settled bankruptcy law for over twenty-seven (27) years." *Id.* at 7 n.13 (citing *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991)). Ultimately, the Bankruptcy Court ruled as follows:

> Debtor's Counsel was told repeatedly that this contention [was] completely [] frivolous and that assessment has not changed. . . . Barring a non-frivolous challenge from the Debtor, Wells Fargo had every right to enforce its claim and lien in this case. In the unlikely event that the Debtor had the ability to pay the debt, and thereby retain Hunt Crossing through a confirmed plan, he would have to pay the full balance due. . . . Hence, the filing of the POC was not only legitimate, it was *necessary* to that end as a claim must be filed in order for Wells Fargo to be paid through the Plan.

*Id.* at 17-18.

This Court concurs with the Bankruptcy Court's repeated admonition that the Debtor's contention is frivolous. Section 502 establishes the procedure for allowance of a claim in bankruptcy. 11 U.S.C. § 502 (2012). The Bankruptcy Court "shall allow" any claim, unless the

4

claim "implicates any of the nine exceptions enumerated in § 502(b)." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 449 (2007); *see* § 502(b). The Debtor does not cite § 502, or any of its exceptions, in his briefing (or in his earlier arguments to the Bankruptcy Court). Moreover, as the Bankruptcy Court stated, long-settled case law supports Wells Fargo's filing of a POC in the Debtor's Chapter 13 case, because even after the Chapter 7 discharge, Wells Fargo retained its security interest and lien on Hunt Crossing. *See, e.g.*, *Johnson*, 501 U.S. 78 at 84 ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim – namely an action against the debtor *in personam* – while leaving intact another – namely, an action against the debtor *in rem*."); *In re Davis*, 716 F.3d 331, 332 (4th Cir. 2013) (noting that the Chapter 7 process "culminates in a discharge, which eliminates personal liability for debts not excepted from discharge, but leaves intact *in rem* claims"); *Mickerson v. Am. Brokers Conduit,* Civil No. TDC-17-1106, 2018 WL 1083640, at *7 (D. Md. 2018) ("[C]reditors retain rights to mortgaged property even after the borrower's Chapter 7 bankruptcy discharge. . . . [The] bankruptcy discharge did not extinguish [the creditors'] right to enforce the Note through foreclosure.").

As noted above, the Debtor cites no case law or other authority to support the position he espouses, which runs contrary to the binding precedent cited above. His decision to press forward with his position, despite the absence of any authority, and the repeated admonitions from the Bankruptcy Court that the position is frivolous, lead to the inescapable conclusion that the appeal, also, is frivolous.

### IV.   REQUEST FOR SANCTIONS

Wells Fargo seeks sanctions pursuant to Federal Rule of Bankruptcy Procedure 8020(a), citing the Debtor's "blatant refusal to abandon the arguments contrary to well-settled precedent, and despite repeated warnings from the Bankruptcy Court." ECF 9 at 14. Rule 8020(a) provides:

5

"If the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Given the ruling herein, the dearth of supportive argument or case law provided for the Debtor's appeal, and the resulting determination that the Debtor's appeal is frivolous, the Court will entertain a separate motion for Rule 8020(a) sanctions. The separate motion will provide the Debtor an opportunity to contest the appropriateness of such sanctions and the amount of sanctions, if any, to be awarded. Wells Fargo must file any motion for sanctions on or before November 1, 2019.

## V.  CONCLUSION

For the reasons explained above, the Bankruptcy Court's decision is AFFIRMED. A separate Order follows.

Dated: October 11, 2019                              /s/
                                            Stephanie A. Gallagher
                                            United States District Judge